## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| YANCEY LAROBIN KEMP, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-15-30-JHP-SPS** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| **Acting Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

The claimant Yancey Larobin Kemp requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be AFFIRMED IN PART and REVERSED IN PART.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant is engaged in substantial gainful activity, or her impairment is not medically severe, disability benefits are denied. If she does have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant can perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. See generally Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on February 27, 1958, and was fifty-four years old at the time of the administrative hearing (Tr. 48, 154). She completed two years of college, and the vocational expert at the claimant's hearing classified her past relevant work as housekeeping cleaner (light, unskilled) and hand packager (Tr. 73, 196). The claimant alleges she has been unable to work since her protected filing date of July 20, 2011, due to blindness in the left eye and trouble in her right eye, joint and back pain, broken left leg, and uncontrollable high blood pressure (Tr. 30, 196).

## Procedural History

On July 20, 2011, the claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her application was denied. ALJ Bernard Porter conducted an administrative hearing and determined that the claimant was not disabled in a written decision dated April 24, 2013 (Tr. 30-37). The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at steps four and five of the sequential evaluation. At step two, he found that that the claimant had the severe impairments of obesity, hypertension, blind in the left eye and wears a prosthesis, lumbar disc disease, and arthritis of the right knee and hip (Tr. 32). At step four, the ALJ determined that the

claimant had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), except that she could never climb ladders, ropes, or scaffolds, and never crawl, and that she required work that did not involve reading very small print but that she could read ordinary newspaper or book print. Additionally, he found that the claimant should avoid unprotected heights and temperature extremes, but that her time off task would be accommodated by normal breaks (Tr. 33). The ALJ thus concluded that the claimant was not disabled because she could return to her past relevant work as a housekeeper/cleaner as actually and generally performed (Tr. 36). Alternatively, the ALJ determined that the claimant was not disabled because there was work in the economy that she could perform, *i. e.*, sales attendant, arcade attendant, and parking lot attendant (Tr. 36).

## Review

The claimant contends that the ALJ erred by improperly finding that she could return to her past relevant work, and that he compounded this error at step five when he failed to apply the Medical-Vocational Guidelines (the Grids) to find her disabled. The undersigned Magistrate Judge agrees that the ALJ improperly determined the claimant could return to her past relevant work, and further finds that he erred at step five when he failed to consider that the claimant reached advanced age on February 27, 2013.

The claimant contends that she cannot return to her past relevant work as a housekeeper/cleaner because she did not perform it at the level of substantial gainful activity ("SGA"). "Past relevant work is work . . . done within the past 15 years, that was substantial gainful activity, and that lasted long enough . . . to learn to do it." 20 C.F.R.

§ 416.960(b)(1). Substantial gainful activity is "work activity that involves doing significant physical or mental activities[,]" 20 C.F.R. § 416.972(a), which is generally determined by earnings. 20 C.F.R. § 416.974(a)(1). From 1990 through 1998, earnings of $500 per month qualified as SGA, and that amount has increased almost every year thereafter. *See* http://www.ssa.gov/oact/cola/sga.html. The record reflects that none of the claimant's earnings for the fifteen years prior to her alleged onset date have arisen to SGA levels (Tr. 161, 166-168, 172). However, there is some evidence that not all of the claimant's wages were reported, because there was testimony that the claimant presented a W-9 from 2009 indicating she earned $4,800 that year even though it had not shown up in reports of the claimant's earnings (Tr. 47), although the undersigned Magistrate Judge notes that this would still not rise to the level of SGA for 2009. *See* http://www.ssa.gov/oact/cola/sga.html. But a claimant's earnings report is merely "a presumption *against* a finding of SGA if the claimant's average monthly earnings are *below* the threshold level calculated under the regulations," *Sheppard v. Astrue*, 426 Fed. Appx. 608, 610 (10th Cir. 2011), and an ALJ may "consider other information in addition to . . . earnings if there is evidence indicating that [the claimant] may be engaging in substantial gainful activity." 20 C.F.R. § 416.974(b)(3)(ii). The Commissioner thus argues that the claimant's past relevant work as a housekeeper/cleaner *was* performed at the SGA level because her own description of this job (which she stated she worked from "1996 OFF AND ON – 2005") was that she worked five hours a day for five days a week at $5.50 per hour, which would amount to over $500 per month (or SGA) for 1998 (Tr. 313), despite her total reported earnings for 1998 actually being $123.60 (Tr. 161, 166,

172).  The ALJ questioned the claimant about the responsibilities of her housekeeping/cleaner job (Tr. 53-54), but there was no discussion at the hearing as to whether this job was performed at the level of SGA for any of the years she reportedly performed this job.  Furthermore, in his written opinion, the ALJ did not discuss or even mention the claimant's earnings; he simply concluded that the claimant could perform her past relevant work as a housekeeper/cleaner as actually and generally performed, and made no mention of SGA at all (Tr. 36).  The ALJ's failure to fully analyze the evidence regarding SGA was undoubtedly erroneous.  *See generally Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[The ALJ] must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.").  On Appeal, the Commissioner makes repeated attempts to perform this analysis for the ALJ, but the undersigned Magistrate Judge declines to make findings based on these *post hoc* rationalizations.  *See Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.") [citations omitted].  *See also Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 2003) ("[T]he ALJ himself must make the required findings on the record[.]").

Prior to the claimant's birthday on February 27, 2013, at which time she reached the age of fifty five, or "advanced age," the ALJ's alternative step five findings render his step four error harmless.  *See, e. g., Martinez v. Astrue*, 316 Fed. Appx. 819, 824 (10th Cir. 2009) ("Because we conclude, as discussed in the next section, that the ALJ's step-five finding was proper, we agree with the district court that the ALJ's *Winfrey* error was

harmless.  Contrary to Ms. Martinez's argument, her capacity to perform the specific requirements of a past sedentary job has no bearing on her capacity to perform different sedentary jobs at step five because the ALJ made findings regarding her specific limitations for step-five purposes.").  Nevertheless, here there is evidence that the error *is not* harmless beginning February 27, 2013.  As an initial matter on this subject, the undersigned Magistrate Judge notes that the ALJ made no findings in his written opinion as to the claimant's age classification, or education level (Tr. 36).

According to the Grids, Medical Vocational Rule § 202.04 directs a decision of "disabled" for a claimant who has reached fifty-five years or older (defined as "advanced age"), has been limited to light work and has an education of high school graduate or more that does not provide for direct entry into skilled work, and whose previous work experience is unskilled or none.  20 C.F.R. Pt. 404, Subpt. P., App. 2, § 202.04.  The claimant thus argues that the ALJ also erred in his step five findings because she should be considered disabled under § 202.04.  The Commissioner has not challenged this argument.  However, under § 202.05, if all other things are the same but the education does provide for direct entry into skilled work, the Grids direct a finding of "not disabled."  20 C.F.R. Pt. 404, Subpt. P., App. 2, § 202.05.  *See also* Soc. Sec. Rul. 83-10, 1983 WL 31251, at *8 ("The criterion of 'high school graduate or more—provides for direct entry into skilled work' is met when there is little time lapse between the completion of formal education and the date of adjudication, and where the content of the education would enable individuals, with a minimal degree of job orientation, to begin

performing the skilled job duties of certain identifiable occupations within their RFC.").

For both of these Rules, the regulation states,

> However, for individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or who have only skills that are not readily transferrable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity, or who have no work experience, the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled.

20 C.F.R. Pt. 404, Subpt. P., App. 2, § 202.00(c).  Here, the ALJ made no such relevant findings.  Although it appears likely that the claimant's education level does not provide for direct entry into skilled work, and that she would therefore likely be considered disabled under § 202.04 beginning February 27, 2013, the undersigned Magistrate Judge declines to supply potential findings here and instead recommends reversal for the requisite findings.

Because the ALJ failed to make the proper findings related to the claimant's past relevant work as SGA, and further compounded this error by failing to make the appropriate findings at step five, the Commissioner's decision should be reversed and the case remanded to the ALJ for further analysis as to whether the claimant is disabled under the Grids beginning February 27, 2013.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence.  Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be AFFIRMED as to

the period prior to February 27, 2013, and REVERSED as to the period beginning February 27, 2013, and that the case be REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 3rd day of March, 2016.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**